This is an accelerated calendar case submitted to this court on the briefs of parties.
Appellant, Steve Miller, appeals from a decision of the Willoughby Municipal Court awarding appellee, Milo Construction Co., Inc. ("Milo Construction"), $2,906.00 plus interest for kitchen remodeling work performed by appellee on a home owned by appellant and his ex-wife, and former appellant, Tina Miller.[1] For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.
The following facts are relevant to a determination of this appeal. In June 1993, appellee, Milo Construction, submitted a proposal to appellant and Tina Miller to remodel their kitchen for a price of $13,975.00. The proposal was signed solely by Milo Prtenjak, as President of appellee, Milo Construction. The Millers made an initial deposit of $10,000.00 with appellee.
Subsequently, a dispute arose between appellee and the Millers concerning the work that had been performed and the amount owed under the contract. Finally, on December 12, 1996, a settlement agreement was reached between Milo Construction and Steve Miller wherein Steve Miller acknowledged owing a balance of $2,906.62. Tina Miller, who was still married to Steve Miller at the time, never saw the settlement document and never signed it. Even after the settlement agreement was executed, however, the Millers refused to pay any more to Milo Construction.
On November 7, 1997, Milo Prtenjak, as an individual, filed a small claims complaint in the trial court against the Millers alleging an outstanding balance due for labor and materials provided in the remodeling of their kitchen. Mr. Prtenjak sought judgment in the amount of $2,906.62, which coincided with the figure reached in the settlement agreement between Milo Construction and Steve Miller. No answer was filed by the Millers and the matter proceeded to an evidentiary hearing before a magistrate on December 8, 1997. At the hearing, Mr. Prtenjak represented himself and Tina Miller represented both her and her husband. From a review of the transcript from the hearing, it is clear that the magistrate viewed the suit as, essentially, an attempt to enforce the settlement agreement between Milo Construction and Steve Miller.
On December 11, 1997, the magistrate issued his decision finding that Mr. Prtenjak had entered into a binding settlement with the Millers for the sum of $2,906.00, and recommending a joint and several judgment in that amount. On December 16, 1997, the trial court adopted the magistrate's decision and gave the parties fourteen (14) days to file objections. Thereafter, the Millers timely filed objections. One of the objections concerned the fact that judgment was awarded to Milo Prtenjak, individually, based upon a settlement agreement between Milo Construction and Steve Miller. The Millers claimed that Mr. Prtenjak did not have standing to seek enforcement of the settlement agreement and, thus, it was error to award him a judgment based upon a settlement to which he was not a party.
On February 10, 1998, in response to the Miller's objections, the trial court amended the pleadings to conform with the evidence. Specifically, the trial court ruled that the named plaintiff was being changed to Milo Construction for all purposes and, further, that no parties would be prejudiced by this modification. The remainder of the objections were overruled.
From the trial court's final judgment, the Millers timely filed a notice of appeal. As previously mentioned, Tina Miller was dismissed as an appellant and the appeal will proceed with Steve Miller as sole appellant.
In the first assignment of error, appellant contends that the trial court erred in amending the pleadings subsequent to trial. Specifically, appellant asserts that the trial court's act of amending the pleadings after judgment was contrary to law as it, in effect, violated R.C. 1925.17.
Appellant relies heavily on R.C. 1925.17, which provides:
 "A corporation which is a real party in interest in any action in a small claims division may commence such an action and appear therein through an attorney at law. Such a corporation may, through any bona fide officer or salaried employee, file and present its claim or defense in any action in a small claims division arising from a claim based on a contract to which the corporation is an original party or any other claim to which the corporation is an original claimant, provided such corporation does not, in the absence of representation by an attorney at law, engage in cross-examination, argument, or other acts of advocacy."
It is appellant's claim that by amending the original complaint to change the plaintiff from Milo Prtenjak, individually, to Milo Construction, a corporation, the court, in effect, permitted the corporation to be represented in small claims court by a non-attorney, Milo Prtenjak. Not only did Mr. Prtenjak represent the plaintiff at the hearing before the magistrate, but he also filed a memorandum opposing appellant's objections, which clearly constitutes an act of advocacy. Thus, appellant claims that the intent of R.C. 1925.17 has been circumvented. We agree.
If the trial court's amendment to the pleadings is permitted to stand, then Milo Construction has benefited from the statutorily prohibited act of being represented in small claims court by a non-attorney. Clearly, this would not have been permissible if Milo Construction had properly been named as plaintiff at the time the case was filed. To allow it to occur after the fact is no more acceptable.
Accordingly, the trial court erred in amending the pleadings by substituting Milo Construction as plaintiff instead of Milo Prtenjak. Thus, appellant's first assignment of error is sustained.
In the second assignment of error, appellant asserts that the trial court erred to the prejudice of Tina Miller in determining her liability based on a settlement agreement signed only by her spouse, Steve Miller. Appellant argues that it was improper to hold Tina Miller responsible for the act of her husband, when she had no knowledge of the settlement agreement until after the fact.
It is clear that this assignment of error was submitted to this court prior to the dismissal of Tina Miller as an appellant in this case. Now that she has settled the matter with appellee, it is evident to this court that this assigned error is moot. Appellant, Steve Miller, would be unaffected by a decision on whether the trial court erred in this regard. Accordingly, it is not necessary to address appellant's second assignment of error.
Based upon the foregoing analysis, the judgment of the trial court is reversed the matter remanded for further proceedings consistent with this opinion.
 -------------------------------- JUDGE WILLIAM M. O'NEILL
FORD, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] Both Steve and Tina Miller were defendants in the trial court, and both appealed the trial court's decision to this court. Subsequent to the filing of the notice of appeal, Tina, who is now divorced from Steve, settled with appellee and, thus, her portion of the appeal has been dismissed.